**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

Gregory S. Goodyear,

          Plaintiff,

-vs-                                            Case No. 2:11-cv-127-FtM-36SPC

The State of Florida Department of Children and
Family, Harriet Coleman, Charity Williams, Sara
Thompson, Sally Kreuscher, Marla Timmons, and
Eric Felton ,

          Defendants.
_____/

**ORDER**

This matter comes before the Court on The Putative Defendant, Michelle Etienne's Notice of Appearance of Counsel on Behalf of Defendant Michelle Etienne, for the Limited Purpose, Motion for Limited Intervention and to Quash Improper Service of Process (Doc. #25) filed on October 4, 2011.

Counsel states that the Putative Defendant is not making an appearance nor is she answering the Compliant with this Motion but merely trying to quash the improper service of process. As such, the Court recognizes that the Putative Defendant is not making an appearance in this case by virtue of filing the instant Motion to Quash and is not considered as a party by filing this Motion.

The Putative Defendant states that she received the summons on September 19, 2011. On July 18, 2011, the Court allowed the Plaintiff up to and including September 9, 2011, to serve process on the Putative Defendant Etienne. Based upon the Return of Service (Doc. # 24), service

was not made until September 19, 2011, as noted by the Putative Defendant.  Thus, service of process was untimely.

Generally, *pro se* plaintiffs are not entitled to leniency with respect to the requirements of Rule 4. Stewart v. JP Morgan Chase,  2008 WL 2397295 *2 (M.D. Fla. June 12, 2008) (citing Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla.1993) ("the right of self representation does not exempt a party from compliance with relevant rules of procedural and substantive law ...") (citing Kersh v. Derozier, 851 F.2d 1509 (5th Cir.1988)). Rule 4(m) provides that "[i]f a defendant is not served within 120 days afer the complaint is filed, the court-on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

This Court directed Plaintiff to complete service of process in accordance with Fed. R. Civ. P. 4 on or before September 9, 2011. (Doc. # 11). Plaintiff failed to do so. The Plaintiff also failed to serve the Putative Defendant as directed by the Federal Rules in compliance with Florida law. Under Florida law, service upon a individual must be effected "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading." City of Sweetwater Florida v. St. Germain, 943 So. 2d 259, 262 (Fla. 3d DCA 2006) (citing Fla. Stat. § 48.031(1)(a)); Fla. R. Civ. P. 1.070.  Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served ... or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). Baca v. Zee Auto Center, Inc., 2007 WL 2298076 *1(M.D. Fla. August 7, 2007).  In this instance, the Plaintiff 's service was untimely and improper.  The Plaintiff served a supervisor at DCF rather than the Putative Defendant

which is not effectual service under Fla. Stat. § 48.031(1)(a).  Therefore, good cause exists to grant the Motion to Quash due to the Plaintiff's failure to effect service of process in a timely and proper manner.  The Plaintiff will be allowed a brief period to effect service in conformity with the Federal Rules and Florida law.

Accordingly, it is now

**ORDERED:**

The Putative Defendant, Michelle Etienne's Notice of Appearance of Counsel on Behalf of Defendant Michelle Etienne, for the Limited Purpose, Motion for Limited Intervention and to Quash Improper Service of Process  (Doc. #25) is **GRANTED**.

(1) Service of Process on the Putative Defendant Michelle Etienne is here by **QUASHED**.

(2) The Plaintiff shall be given up to and including **October 26, 2011**, to serve in complete and strict compliance with the Federal Rules and Florida law the Putative Defendant Michelle Etienne.

(3) Failure to comply with the terms of this Order will result in the Court recommending that the case be dismissed against Michelle Etienne for failure to effect service.

**DONE AND ORDERED** at Fort Myers, Florida, this   7th     day of October, 2011.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record